<pre>
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA


NICK WALPERT,                         Case No.:  24-CV-0041 W (SBC)

                     Plaintiff,
                                      ORDER GRANTING EX PARTE
 v.                                   APPLICATION TO INTERVENE
                                      [DOC. 42]
SOLAR INTEGRATED ROOFING
CORP.,

                     Defendant.
</pre>

Pending before the Court is AXIS Insurance Company's unopposed ex parte application to intervene in this action. The Court decides the matter on the papers submitted and without oral argument. See Civ.L.R. 7.1 (d.1). For the reasons stated below, the Court **GRANTS** the application [Doc. 42].

I.  **OVERVIEW**

On November 28, 2023, Plaintiff Nick Walpert filed this lawsuit against Defendant Solar Integrated Roofing Corp. ("SIRC") in the San Diego Superior Court. (*See Compl.*[1])

---

[1] The Complaint is attached to Defendant SIRC's Notice of Removal [Doc. 1] as Exhibit A.

1

The Complaint alleges causes of action for wrongful termination and violations of the California Labor Code. (*Id.*) On January 5, 2024, SIRC removed the case to this Court. (*See Notice of Removal*.)

Proposed intervenor, AXIS Insurance Company ("AXIS"), issued a liability policy to SIRC, effective for the Policy Period January 1, 2023 to January 1, 2024. (*Park Decl.* [Doc. 42-1] ¶ 4.) On March 4, 2024, SIRC notified AXIS of the litigation and on May 21, 2024, AXIS agreed to defend SIRC, subject to a reservation of rights under the applicable insurance policy. (*Id.* ¶ 6.)

On October 4, 2024, Walpert filed the First Amended Complaint. (*See FAC* [Doc. 31].) On October 25, 2024, SIRC filed its answer. (*See Answer to FAC* [Doc. 32].) Then on December 6, 2024, SIRC filed a Notice of Forfeited Corporation, stating that SIRC "has been forfeited by the California Franchise Tax Board and is thus without capacity to defend against a lawsuit." (*Notice* [Doc. 34] 1:22–24, citing *Rev. & Tax. Code* §§ 23305–23305d.)

After becoming aware of SIRC's status as a Forfeited Corporation, on February 10, 2025, AXIS, through Counsel, sent correspondence to SIRC demanding that SIRC remedy their forfeited status. (*Park Decl.* ¶ 9.) On March 3, 2025, AXIS became aware that SIRC had no intention of remedying their forfeited status, that the CEO of SIRC had resigned, and that SIRC had dissolved. (*Id.* ¶ 11.)

Meanwhile, on February 27, 2025, Walpert made a settlement demand. (*Park Decl.* ¶ 15.) On March 11, Walpert and AXIS agreed, in principal, to settle this matter. (*Id.*) On March 13, 2025, AXIS filed the pending ex parte application to intervene. AXIS represents that Walpert does not oppose the application.[2] (*Ex Parte App.* [Doc. 42] at 2:24–27.)

---

[2] This Court's Chambers Civil Rule 5 provides: "Ex parte applications that are not opposed within two (2) court days will be considered unopposed and may be granted on that ground." For this additional reason, the Court finds Walpert does not oppose AXIS's ex parte application.

2

## II. DISCUSSION

### A. Good cause exists for ex parte relief.

A court may grant ex parte relief upon a showing of good cause or irreparable injury to the moving party. *Greer v. Cnty. of San Diego*, 2022 WL 104724 at *1 (S.D. Cal., Jan. 11, 2022) Good cause exists where "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, AXIS has established good cause for the relief requested. As a forfeited corporation, SIRC cannot participate in the litigation to challenge or settle Walpert's allegations. *Timberline, Inc. v. Jaisinghani*, 54 Cal.App.4th 1361, 1365–66 (1997). In order for AXIS to participate in the litigation, it must intervene. *See Kaufman & Broad Communities, Inc., v. Performance Plastering, Inc.*, 136 Cal.App.4th 212, 217 (2006) ("an insurance company must intervene in the lawsuit to protect the rights of its insured suspended corporation."). Based on the Court's docket, if AXIS proceeded by filing a regularly noticed motion to intervene, the earliest the motion would be considered is May 5. In the meantime, AXIS could not participate in the litigation by, for example, attending the April 4, 2025 status conference, and it would hinder the apparent significant progress that has been made at potentially settling this matter.

It is also clear that AXIS is not at fault for the circumstances necessitating that it seek to intervene on an ex parte basis. After learning SIRC forfeited its corporate status and could not challenge Walpert's allegations, AXIS demanded SIRC remedy the forfeiture. (*Park Decl.* ¶ 9.) Within ten days of learning that SIRC had no intention of remedying the forfeiture, AXIS filed the pending ex parte application to intervene. (*Id.* ¶ 11.) During this 10-day period, AXIS complied with this Court's Chambers Civil Rule 5 regarding ex parte applications by meeting and conferring with Walpert's counsel and serving Walpert with the application. (*Id.* ¶ 12; *Proof of Service* [Doc. 42-1] at 5.) AXIS

also represents that it has been informed by the parties' counsel (both Plaintiff's and SIRC's) that there "will [be] no opposition to this application]" and that "Plaintiff's counsel has advised that it supports the granting of this application so that the settlement may be effectuated." (*Ex Parte Appl.* at 2:24–27.)

For these reasons, the Court finds good cause to proceed on an ex parte basis.

### B.   AXIS is entitled to intervene.

A court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P 24(a)(2). To establish intervention as a matter of right, the moving party must demonstrate: (1) the motion is timely; "(2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens of Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). Each element is broadly interpreted in favor of intervention. *Id.*

Here, each of the elements supports AXIS' motion to intervene. Although the lawsuit has been pending for over a year, shortly after answering the First Amended Complaint, SIRC filed a Notice of Forfeited Corporation, stating that it "has been forfeited by the California Franchise Tax Board and is thus without capacity to defend against this lawsuit." (*Notice* at 1:22–26.) As a result, the parties' ability to conduct discovery has been delayed. (*See Pl's Mot. For Extension of Time to Raise Discovery Dispute* [Doc. 36].) Additionally, AXIS represents that the parties have made progress in potentially resolving this matter but are essentially hampered by SIRC's inability to participate in the litigation. Furthermore, as set forth above, there is no dispute that AXIS diligently moved to intervene once it was clear that SIRC was not going to remedy the

forfeiture of its corporate status. Under these circumstances, the Court finds intervention will not prejudice Walpert, or cause disruption or delay in the case and thus is timely.

AXIS has also demonstrated that it has a significant interest in this action. Because a judgment creditor can sue the liability insurer for the defendant against whom a judgment is obtained, California courts recognize the right of an insurance company to intervene in an underlying case. *See Reliance Ins. Co. v. Superior Court*, 84 Cal.App.4th 383 (2000) (insurer allowed to intervene for defendant's corporate status was suspended and thus could not defend against plaintiff's claims); *Kaufman & Broad Communities, Inc.*, 136 Cal.App.4th at 217 ("an insurance company must intervene in the lawsuit to protect the rights of its insured suspended corporation."). Accordingly, AXIS, as SIRC's insurer who has agreed to provide a defense, has a substantial interest in this litigation. Given this interest, the Court also finds that not allowing AXIS to intervene would impair its interests.

Finally, it is clear AXIS' interest is inadequately represented. SIRC is a forfeited corporation and, thus, may not participate in the litigation. There are no other defendants in the litigation challenging Walpert's claims.

For these reasons, the Court finds AXIS is entitled to intervene under Rule 24(a)(2).

### III. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** AXIS' ex parte application to intervene [Doc. 42].

**IT IS SO ORDERED**.

Dated: March 19, 2025

_____
Hon. Thomas J. Whelan
United States District Judge